KATHERINE KRAUSS, Respondent, *v.* RICHARD CARVEL COMPANY, INC., Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916.)

Contracts — assignment of — liability of assignee of — bankruptcy — when judgment reversed and new trial ordered.

> Where the assignment of a subway contract by the trustee in bankruptcy of the contractor was not to become operative until the sureties on his bond had consented, and the trustee was to turn over the plant and excavation in a workable condition, the assignee is not liable to one who after the assignment and while the employees of the trustee in bankruptcy were still in possession of the plant and excavation was accidentally injured near the excavation, and a judgment for plaintiff after a trial before the court without a jury will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Bronx, second district, for $172.72, entered after a trial before the court without a jury.

Griffin & Hannon (John W. Hannon, of counsel), for appellant.

Cornelius J. Earley, for respondent.

FINCH, J. The action is for personal injuries caused by slipping on a gas pipe in the gutter along the line of the subway excavation.

Plaintiff testified that she was attempting to step upon the sidewalk and put her foot on top of the pipe which had been laid along the gutter; that the pipe was very smooth and slippery, and that there was a

five-inch space between it and the curb. She said her foot slipped into this space and she fell down and sustained a sprained ankle. Without passing upon the question of negligence there is no evidence to sustain a finding that the defendant was responsible. The contract for this portion of the subway had been originally let to the John F. Stevens Construction Company which had gone into bankruptcy, and on October 23, 1913, the latter's trustee in bankruptcy had made an assignment of the contract to the defendant under an agreement that the assignment was not to become operative until the sureties on the original contractor's bond had consented, and that the trustee was to turn over the plant and excavation in workable condition. The accident happened on November 8, 1913, and the uncontradicted testimony is that at that time defendant had not yet assumed possession of the plant and excavation, but that on the contrary employees of the trustee were still in possession making them ready to turn over in accordance with the contract. Furthermore, it does not appear that the sureties on the bond had consented to the assignment.

For the foregoing reasons, the judgment is reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.